104 N.J. Super. 525 (1969)
250 A.2d 600
RICHARD H. LISCHIN, PLAINTIFF-APPELLANT,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 20, 1969.
Decided February 28, 1969.
*526 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Isaac C. Ginsburg argued the cause for appellant (Messrs. Feinberg & Ginsburg, attorneys).
Mr. Ronald I. Bloom argued the cause for respondent (Messrs. Finn & Rimm, attorneys).
PER CURIAM.
This case involves the interpretation of a coverage clause of an automobile owner's comprehensive insurance policy issued by defendant. The clause in question, under "Supplementary Payments," provides:
"(b) if the automobile is stolen, pay $10.00 per day, subject to a maximum of $300, for loss of use until settlement for such theft is offered by the Company. Such loss of use shall begin 48 hours after the theft is reported to the Company and police; * * *"
Plaintiff, the insured, had his automobile stolen on June 18, 1966. He reported the loss to the police and defendant. The police found the car on June 20, 1966 in a damaged *527 condition and removed it to a police garage. Plaintiff and the insurance company were notified the same day.
Defendant immediately undertook to repair the automobile under its comprehensive coverage and, with plaintiff's consent, removed it to a repair shop on the following day. However, repairs were not completed until July 22, 1966. Plaintiff claimed loss of use coverage under the policy and, when defendant rejected his claim, the instant suit was commenced.
The trial court found in favor of defendant, holding that the policy coverage was for "loss of use occasioned by theft and not loss of use occasioned by repair time."
We agree and affirm substantially for the reasons expressed by the trial court in its written conclusions of law.
While the clause in question is not entirely free from ambiguity, we do not understand it to extend coverage for loss of use due to repairs on the automobile even though the repairs were of damage done to the automobile while it was stolen.
The purpose of the clause is to require the insurer to settle a stolen automobile claim promptly at the risk of paying a penalty for every day (after 48 hours) that an offer of settlement of the theft claim is not made. Assuming that damages done to an automobile during its theft be held to come under this clause, it is undisputed that defendant immediately undertook to repair the car. This would constitute an offer of full settlement within the meaning of the clause. Moreover, plaintiff accepted such offer.
Affirmed. No costs.
LEWIS, J.A.D. (dissenting).
While the policy provision in controversy may be construed as stated in the majority opinion, it appears to me that it is both ambiguous and susceptible, within a fair contemplation of the contracting parties, to a reasonable and logical interpretation that favors the contention of the insured. Accordingly, I respectfully disagree with the conclusion reached by my colleagues.
*528 It is common knowledge that a substantial number of stolen automobiles are recoverd in a damaged and immobile, yet repairable, condition; meaningful statistics are, no doubt, available to interested insurance companies. To say, argues plaintiff, that the liability of an insurance carrier, under a policy theft provision for "loss of use" terminates upon the police recovery of a stolen vehicle in a damaged and inoperable condition, is to ignore the purpose for which such "loss of use" insurance is normally sought by an insured owner. There is some merit to that argument. If defendant had intended the limited coverage it now urges, it readily could have so provided by clear, qualifying language to the effect that its "loss of use" liability would cease upon recovery of a stolen car, whether or not it was damaged beyond use and time was required to restore its usability. The purchasing public is entitled, at least, to that much frankness and policy certainty.
In Kievit v. Loyal Protect. Life Ins. Co., 34 N.J. 475, 482 (1961), it was observed, "When members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations." Generally speaking, insurance policies are to be strictly construed against the insurer and we sustain coverage where the language will support two meanings, one favorable to the insurer and the other favorable to the insured. Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7 (1961). Accord, Allen v. Metropolitan Life Ins. Co., 44 N.J. 294, 305-306 (1965); Cooper v. Government Employees Ins. Co., 51 N.J. 86, 93 (1968). In sum, the insured is entitled to the widest possible coverage. Moreover, in evaluating a claim of an insured, consideration should be given as to whether alternative or more precise language, if used, would have put the matter beyond reasonable question. See Kook v. American Sur. Co. of N.Y., 88 N.J. Super. 43, 51 (App. Div. 1965); Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, supra.
*529 Here, it is uncontroverted that plaintiff's car was stolen and, as a direct consequence thereof, was damaged beyond immediate use. Under the comprehensive coverage provisions of the policy, the insurance company elected to make the necessary repairs and took possession from the police for that purpose; the extent of the damage and why approximately a month was required to make the repairs does not appear in the record. The fact remains, however, that plaintiff was deprived of the possession and use of his car from June 18, the date of the theft, until after July 22, when his vehicle was returned to him by the insurance company. Coverage for that "loss of use" occasioned by the theft, was a contingency and insurable interest which plaintiff could have reasonably contemplated under the supplementary theft provisions of his policy.
The majority opinion, after noting that the insurance company undertook to repair the car, concludes in substance that that event constituted an offer of full settlement which plaintiff accepted. I am unable to agree. The insurer took possession, with plaintiff's permission, in order to satisfy an obligation to repair under the comprehensive provisions of its contract. There is nothing before us to suggest that the insurance company, prior to July 22 when it rejected plaintiff's claim for "loss of use," ever mentioned settlement for any possible liability under the "supplementary" theft clause.
For the foregoing reasons I would reverse and remand for entry of judgment in favor of plaintiff for an amount, not to exceed $300, representing $10 a day from the time plaintiff's car was stolen until it was returned to him by the insurance company in operational condition, less $20 for the excludable deduction period of two days.