RICHARD H. LISCHIN, PLAINTIFF-APPELLANT, v. NATIONWIDE MUTUAL INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 20, 1969—Decided June 4, 1969.

*Mr. Isaac C. Ginsburg* argued the cause for the appellant (*Messrs. Feinberg & Ginsburg,* attorneys).

*Mr. Ronald I. Bloom* argued the cause for the respondent (*Messrs. Finn and Rimm,* attorneys).

PER CURIAM. We reverse, essentially for the reasons expressed by Judge Lewis in his dissenting opinion below. *Lischin v. Nationwide Mutual Insurance Co.,* 104 *N. J. Super.* 525, 527 (*App. Div.* 1969).

All members of the Appellate Division agreed that the company's undertaking to pay for loss of use of the stolen automobile "until setlement for such theft is offered by the Company" was ambiguous in nature. The assured could reasonably expect that he would be paid for loss of use within the stated policy limitation of $10 per day (maximum of $300), until the company in good faith made a settlement offer in cash which he could use immediately to obtain alternate transportation. Surely a settlement offer in cash but payable at a later date would not have disentitled the assured to payment for loss of use in the interim period. That being so, and in the light of well settled principles of

construction (104 *N. J. Super.*, at 528), the obscure policy language may fairly be taken to have contemplated payment for loss of use during the interim period where, as here, the automobile was being repaired at the company's direction for ultimate return to the assured.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.